# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM MARONEY, | : | CIVIL ACTION NO. |
|    Plaintiff, | : | 3:10-CV-1415 (JCH) |
| v. | : | |
| WATERBURY HOSPITAL, | : | MARCH 17, 2011 |
|    Defendant. | : | |

**RULING RE: DEFENDANT'S MOTION TO DISMISS (Doc. No. 12)**

## I.    INTRODUCTION

Plaintiff, William Maroney ("Maroney"), brings this action against defendant, Waterbury Hospital, for damages resulting from, inter alia, Maroney's termination of employment from the hospital, allegedly in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("the ADA"); the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-51 et seq. ("the CFEPA"); the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("the FMLA"); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"); and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Maroney's Complaint includes eight separate counts. See generally Compl. (Doc. No. 1).

Waterbury Hospital filed a Motion to Dismiss (Doc. No. 12) two of Maroney's eight counts. Specifically, Waterbury Hospital argues that Count Two of Maroney's Complaint, alleging a claim under Title VII, should be dismissed for failing to state a claim of sex discrimination. Waterbury further argues that Count Eight of Maroney's

1

Complaint, alleging a common law claim for wrongful termination in contravention of public policy, is precluded by the availability of statutory remedies.

For the following reasons, the court grants Waterbury Hospital's Motion to Dismiss.

## II.  STANDARD OF REVIEW

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court takes the allegations of the complaint as true and construes them in a manner favorable to the plaintiff. See, e.g., Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002). The court must draw all reasonable inferences in the nonmoving party's favor. See, e.g., Yung v. Lee, 432 F.3d 142, 146 (2d Cir. 2005).

The court begins its analysis by "'identifying pleadings that, because they are no more than conclusions, are not entitled to the assumptions of truth.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Next, the court must "determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement of relief.'" Hayden, 594 F.3d at 161 (quoting Iqbal, 129 S. Ct. at 1950). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949.

## III. DISCUSSION

### A. Count Two: Title VII

Count Two of Maroney's Complaint alleges that "the defendant has violated the rights secured to the plaintiff by the provisions of the Title VII of the Civil Rights Act of 1964." Compl. ¶ 42. A claim under Title VII can take a number of forms. Although Maroney fails to specifically allege within Count Two his exact claim, in response to Waterbury Hospital's Motion to Dismiss, Maroney states that his Complaint includes both a hostile work environment claim and claim of retaliation.

At the outset of his Complaint, Maroney refers to himself as a "homosexual." Compl. ¶ 4. Later, Maroney states that "defendant has targeted plaintiff and his partner William as a result of their sexual orientation" and that "the plaintiff has been subjected to an ongoing pattern of harassment, discrimination, and retaliation and disparate treatment based upon his sexual orientation." Id. at ¶¶ 33, 35.

In order to allege a claim of a hostile work environment, Maroney must include facts sufficient to make plausible the claim that Waterbury Hospital discriminated against Maroney "because of . . . [his] sex."[1] 42 U.S.C. § 2000e-2(a)(1). Title VII has long been read by the Second Circuit to exclude claims arising out of discrimination on the basis of sexual orientation, including hostile work environment claims. See Simonton v. Runyon, 232 F.3d 33, 36 (2d Cir. 2000). To survive a Motion to Dismiss, then, Maroney must make allegations of sex discrimination.

---

[1] Maroney's claims do not resemble any of the other protected classifications in Title VII, such as race or national origin.

Nowhere in Maroney's Complaint does he include any allegations that give rise to a plausible hostile work environment claim based on sex. He does not allege to have been treated differently than female employees in the same position, nor does he claim to have been subject to disparaging remarks against men. Maroney also fails to include any allegations of "gender stereotyping," or discrimination against an individual "who fail[s] or refuse[s] to comply with socially accepted gender roles." Dawson v. Bumble & Bumble, 398 F.3d 211, 218 (2d Cir. 2005). Such a claim would require Maroney to allege that he failed to conform "(1) through behavior or (2) through appearance" to male stereotypes. Id. at 221. No allegations of this kind are made in the Complaint.[2]

Absent any allegations sufficient to distinguish this case from the clear rule established by the Second Circuit in Simonton, the court dismisses Maroney's hostile work environment claim.

Maroney's claim of retaliation is also unsupported. An essential element of any Title VII retaliation claim is an allegation that the plaintiff engaged in protected activity under Title VII. See, e.g., Kaytor v. Electric Boat Corp., 609 F.3d 537, 552 (2d Cir. 2010). Maroney thrice refers to Waterbury Hospital's retaliation, but wholly fails to support these allegations. See Compl. ¶¶ 33-35. He later refers to "his prior complaints," id. at ¶ 37, but does not state when or to whom he made such complaints, the content of the complaints, or their resolution. These allegations are, therefore,

---

[2] The Second Circuit has suggested that these gender stereotyping claims may be especially difficult for gay plaintiffs to bring. See Dawson, 398 F.3d at 218 ("When utilized by an avowedly homosexual plaintiff, however, gender stereotyping claims can present problems for an adjudicator."); see also id. at 221-23 (converting lesbian plaintiff's allegations of gender stereotyping with respect to her appearance into additional claims of sexual orientation discrimination).

plainly insufficient to sustain a plausible claim of retaliation under Title VII.

For these reasons, the court grants Waterbury Hospital's Motion to Dismiss with respect to Count Two.

    B.    <u>Count Eight: Common Law Claim for Wrongful Termination</u>

In its Motion to Dismiss, Waterbury Hospital also seeks dismissal of Count Eight of Maroney's Complaint. Although Maroney opposes the hospital's Motion, he does not dispute its arguments with respect to Count Eight. The court, therefore, grants this portion of Waterbury Hospital's Motion, absent objection.

Waterbury Hospital correctly notes in its Memoranda that common law claims for wrongful termination in violation of public policy are not permitted in Connecticut when statutory remedies are available. See <u>Burnham v. Karl & Gelb, P.C.</u>, 252 Conn. 153, 161-65 (2000). Based on the allegations in his Complaint, Maroney's wrongful termination claim in Count Eight is precluded due to the availability of remedies under the various statutes Maroney asserted in his first seven counts.[3] See, e.g., <u>Nanos v. City of Stamford</u>, 609 F. Supp. 2d 260, 268 (D. Conn. 2009) (finding the existence of remedies under the FMLA and the ADA precluded wrongful discharge claim); <u>Conge v. Sikorsky Aircraft Corp.</u>, No. 3:05-cv-1650, 2007 WL 4365676, at *10 (D. Conn. Dec. 11, 2007) (finding wrongful discharge claim precluded due to the existence of remedies under the ADA, Section 504, the CFEPA, and Title VII).

---

[3] Although a claim of discrimination on the basis of sexual orientation is not available under Title VII, such a claim is permitted under the CFEPA. See Conn. Gen. Stat. § 46a-81c (prohibiting employment discrimination on the basis of sexual orientation); Conn. Gen. Stat. § 46a-100 (providing a cause of action for violations of the CFEPA).

## IV. CONCLUSION

For the foregoing reasons, the court grants defendant's Motion to Dismiss Counts Two and Eight (Doc. No. 12). Maroney is permitted to file an Amended Complaint no later than April 7, 2011, if he can allege facts sufficient to make plausible a claim under Title VII. The court does not grant permission for Maroney to replead Count Eight.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 17th day of March, 2011.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge